```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
--------------------------------------
**CATHERINE RYCZAK,**

                **Plaintiff,**          14 Cv. 8362 (JGK)

      - against -                  <u>MEMORANDUM ORDER &</u>
                                                   <u>OPINION</u>
**DEUTSCHE BANK NATIONAL TRUST CO., ET AL.,**

                **Defendants.**
--------------------------------------
**JOHN G. KOELTL, District Judge:**

    After the plaintiff failed to appear at a conference in this case held on January 13, 2015, the Court issued an Order that same day scheduling another conference for January 23, 2015, and warning the plaintiff that her failure to appear at that conference could result in the dismissal of the case without prejudice for failure to prosecute.  On January 21, 2015, defense counsel submitted a letter stating that defense counsel had been advised that the plaintiff's counsel had passed away on January 8, 2015, and that defense counsel was attempting to reach the plaintiff.  The Court subsequently adjourned the January 23 conference until February 18, 2015.

    In a letter dated February 17, 2015, the plaintiff submitted a letter to the Court stating that she was only recently informed of the February 18 conference, and that another attorney was substituting in for her deceased counsel.

After the plaintiff did not appear at the February 18 conference, the Court issued an Order scheduling another conference for March 31, 2015, and warning the plaintiff that if she did not appear for that conference, either personally or with new counsel, her case would be dismissed without prejudice.

On March 31, 2015, the plaintiff did not appear for the scheduled conference at the appointed time, or at any time after the appointed time.  At the conference, defense counsel assured the Court that defense counsel sent the transcript of the February 18 conference to the plaintiff's registered address, as directed by the Court.  The defendant also provided the Court with copies of its correspondence with the plaintiff.  The Court also sent copies of its Orders to the plaintiff.  The plaintiff's failure to participate in this case now spans approximately two and a half months, and the Court has repeatedly warned the plaintiff that her failure to appear at conferences would result in the dismissal of her case without prejudice for failure to prosecute.  Dismissal without prejudice, rather than dismissal with prejudice, is proper because courts considering dismissal for failure to prosecute pursuant to Rule 41(b) must consider the efficacy of lesser sanctions.  See Reeder v. Hogan, 515 F. App'x 44, 45 (2d Cir. 2013) (summary order) (quoting Lewis v. Rawson, 564 F.3d 569, 576 (2d Cir. 2009)).

Accordingly, the plaintiff's cases is **dismissed without prejudice** for failure to prosecute.  **The Clerk is directed to close this case.**

**SO ORDERED.**

**Dated:    New York, New York
           April 2, 2015**                   _____/s/_____
                                              **John G. Koeltl
                                       United States District Judge**